**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN ANTHONY FAULKNER,

    Petitioner,

    v.                             No. CIV 15-0455 KG/LAM

GERMAN FRANCO,

    Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), rule 12(b)(6) of the Federal Rules of Civil Procedure, and rule 4 of the Rules Governing Section 2254 Cases, on Petitioner's Declaration (Doc. 1), which is styled as a pleading and was entered on the docket as a civil rights complaint (the "petition"). Petitioner is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the petition will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Under rule 4 of the Rules Governing Section 2254 Cases, if the petitioner is not entitled to relief,

the Court must dismiss the petition.

Petitioner's petition, which names his warden as Respondent, alleges that he is

incarcerated on illegal convictions engineered by the CIA so that Plaintiff's father could have sex

with Plaintiff's wife.   A state court judge allegedly lied about receiving Petitioner's habeas corpus

petitions, thereby denying him a hearing.   He also alleges that "I already did my time on illegal

convictions now they won't even let me out Im #33 on the list to go to a half way house," and states

that "I just want to do lab work on a government contract."   For relief, he asks the Court to review

his state writs and "to order the NMDOC to copy my writs in a timely manner"; he does not seek

damages.   *See Tillman v. Bigelow*, 484 F. App'x 286, 288 (10th Cir. 2012).   The Court notes that

Petitioner did not have a pending case when he filed this Declaration-petition, and a few days later

he filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (No. CV 15-0493

MCA/CEG), which contains a number of identical allegations and remains pending.

Petitioner's allegations indicate that he is seeking review of state court habeas corpus

proceedings and release from his allegedly illegal incarceration.   "A prisoner who challenges the

fact or duration of his confinement . . . must do so through an application for habeas corpus."

*Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole

Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)).   "[Plaintiff]'s claims essentially challenge the

execution of his sentence and must be brought, if at all, in a petition for writ of habeas corpus under

28 U.S.C. § 2241."   *Tillman v. Bigelow*, 484 F. App'x at 288 (affirming dismissal of a § 1983

complaint under 12(b)(6)); *see also Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005).   In view

of Petitioner's pending habeas corpus proceeding, the Court will dismiss his habeas corpus claims

2

"in order to conserve judicial resources and avoid duplicative parallel litigation." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002); *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1133 (10th Cir. 2003).

Petitioner also asks this Court to review a state court habeas corpus proceeding and compel the state court to act on his filings.  Because of the relief that Plaintiff requests, the Court alternatively construes the petition as seeking a writ of mandamus.   Thus construed, the petition does not invoke this Court's subject matter jurisdiction.   The mandamus statute, 28 U.S.C. § 1361, grants this Court the limited power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]."   § 1361.   The state court is not a person or entity identified in the statute, and the Court has no authority under the statute to consider the relief sought.   "[F]ederal courts have no authority to issue a writ of mandamus to a state court." *Stewart v. Hill*, 8 F. App'x 894, 895 (10th Cir. 2001) (citing *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992)).   "Although we have not articulated our reasoning in our decisions holding that we lack authority to mandamus a state court or a state judge, that conclusion follows from the [All Writs Act] requirement that a writ be issued in aid of this court's appellate jurisdiction." *In re Robinson*, No. 13-2089, slip ord. at 3 (10th Cir. June 27, 2013).   The Court will dismiss Petitioner's mandamus claim for lack of jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff's Declaration (Doc. 1), construed herein as a petition for habeas corpus and mandamus relief, is DISMISSED without prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE